# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HANESBRANDS INC. and HBI BRANDED APPAREL ENTERPRISES, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:14-cv-1018 |
| vs. | ) ) | **JURY TRIAL DEMANDED** |
| GILDAN USA INC. and GILDAN ACTIVEWEAR INC., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## COMPLAINT

Plaintiffs Hanesbrands Inc. and HBI Branded Apparel Enterprises, LLC (collectively "Plaintiffs"), state the following for their Complaint against Defendants Gildan USA Inc. and Gildan Activewear Inc. (collectively, "Defendants"):

## NATURE OF THE ACTION

1.      This is an action at law and in equity for trademark infringement, unfair competition and false designation of origin arising under Sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051 *et seq.*; trademark infringement and unfair competition arising under the common law of the State of North Carolina; and unfair or deceptive trade practices arising under N.C. Gen. Stat. §§ 75-1 *et seq.*, all arising out of Defendants' use of the trademark TEMPFX in connection with the sale of products that are identical to those sold by Plaintiffs under

1

their X-TEMP trademark.  Both marks are used in connection with the parties' t-shirts and examples of packaging bearing the parties' marks are shown below:



Plaintiffs' X-TEMP Mark                    Defendants' TEMPFX Mark

2.      Plaintiffs seek to enjoin Defendants from using the trademark TEMPFX and any other designation that is confusingly similar to Plaintiffs' X-TEMP trademark in connection with the sale of apparel and related products.  Plaintiffs also seek to recover damages resulting from Defendants' infringing activities, and/or an accounting of Defendants' profits from such infringing activities.

<u>**PARTIES, JURISDICTION AND VENUE**</u>

3.      Plaintiff Hanesbrands Inc. ("HBI") is a Maryland corporation with a place of business at 1000 East Hanes Mill Road, Winston-Salem, North Carolina 27105.

4.      Plaintiff  HBI  Branded  Apparel  Enterprises,  LLC  ("HBIBAE"),  is  a

Delaware limited liability company with a place of business at 1000 East Hanes Mill Road, Winston-Salem, North Carolina 27105. HBIBAE is a wholly-owned subsidiary of HBI.

5.    HBIBAE is the record owner of the registered X-TEMP trademark at issue in this dispute and identified more specifically below.

6.    In addition to being the parent company of HBIBAE, HBI is the licensee, in the United States, of the X-TEMP trademark, owned by HBIBAE.

7.    Upon information and belief, Defendant Gildan USA Inc. ("Gildan USA") is a Delaware corporation with its principal place of business at 1980 Clements Ferry Road, Charleston, South Carolina 29492. Upon information and belief, Gildan USA is a subsidiary of Defendant Gildan Activewear Inc.

8.    Upon information and belief, Defendant Gildan Activewear Inc. ("Gildan Activewear") is a Canadian corporation with its principal place of business in Montréal, Québec, Canada. Upon information and belief, Gildan Activewear is the parent corporation of Gildan USA.

9.    This Court has subject matter jurisdiction over the federal claims alleged herein pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338. As to the state law claims, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.    This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in this judicial

district. Upon information and belief, Defendants have committed tortious acts within this judicial district, have sold products (including infringing products) within this judicial district, and have otherwise made or established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over Defendants.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that, on information and belief, a substantial part of the events and injury giving rise to Plaintiffs' claims have occurred and are occurring within this judicial district, and because Defendants are subject to personal jurisdiction within this judicial district.

12.     This Court has jurisdiction to enter injunctive relief, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### Plaintiffs' X-TEMP Mark

13.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

14.     At all times material to this Complaint, Plaintiffs have been and are now engaged in the business of the manufacture, sale, distribution and marketing of apparel products, including but not limited to t-shirts, socks and underwear.

15.     Plaintiffs and Defendants are direct competitors in the highly competitive socks and apparel basics categories, which include t-shirts and underwear.

16.     In or around July 2012, Plaintiffs launched their first apparel products under the X-TEMP mark. Since then, Plaintiffs have continued to use the distinctive

4

designation X-TEMP (the "X-TEMP Mark") in interstate commerce in the United States for the purpose of identifying Plaintiffs' apparel products and of distinguishing their products from the products of others.

17.     A true and correct photograph of a t-shirt in packaging bearing the X-TEMP Mark is attached hereto as Exhibit 1.

18.     Plaintiffs have spent significant resources and money promoting and marketing the X-TEMP Mark.  By way of example and not limitation,

a.  X-TEMP apparel products are featured in national television commercials featuring celebrities such as Michael Jordan;

b.  X-TEMP apparel products were the subject of a successful social media campaign featuring Logan Paul, a Vine sensation with more than 6 million followers, and utilizing the hashtag #xtempstresstest;

c.  X-TEMP apparel products are featured in on-line advertising on the www.hanes.com website as well as sponsored banner advertising on third-party websites; and

d.  X-TEMP apparel products are offered in numerous retail stores operating in nearly every state in the United States, including but not limited to Kohl's and JC Penney stores, as well as on-line retail channels such as Amazon.com.

19.     Due to Plaintiffs' extensive use and promotion of the X-TEMP Mark, Plaintiffs have developed substantial goodwill in the X-TEMP Mark and the X-TEMP

Mark is associated exclusively with Plaintiffs.

20.     On August 6, 2013, HBIBAE was granted U.S. Trademark Registration No. 4,381,004 for the X-TEMP Mark on the Principal Register of the United States Patent and Trademark Office (the "USPTO") for use in connection with "socks, t-shirts [and] underwear" (the "X-TEMP Registration").  The X-TEMP Registration remains valid, subsisting, and uncancelled.  A true and accurate copy of the Certificate of Registration for the X-TEMP Registration is attached hereto as Exhibit 2.

21.     HBIBAE owns, *inter alia*, the X-TEMP Registration, the X-TEMP Mark, and all the goodwill associated therewith in the United States.

## Defendants' Unlawful Acts

22.     Upon information and belief, in early 2014, Defendants began selling apparel, including t-shirts, under the designation TEMPFX (the "TEMPFX Mark").

23.     Upon information and belief, Defendants have continued to sell apparel bearing the TEMPFX Mark since early 2014.

24.     Defendants filed applications to register various forms of the TEMPFX Mark on an intent-to-use basis in 2005 and 2009.  Defendants failed to file a Statement of Use for any good identified in those applications, and the applications were subsequently deemed abandoned by the USPTO.

25.     Defendants did not use the TEMPFX Mark in any state of the United States or in interstate commerce in the United States in connection with the sale of any apparel products before May 11, 2012.

6

26.    Defendants did not use the TEMPFX Mark in connection with any apparel product until after Plaintiffs launched their X-TEMP apparel products and the products enjoyed consumer recognition and commercial success.

27.    Upon information and belief, Defendants were aware of, and seeking to free ride on, the success of Plaintiffs' X-TEMP apparel products when Defendants decided to use the TEMPFX Mark in connection with apparel products identical to those sold under the X-TEMP Mark.

28.    Defendants have affixed the TEMPFX Mark on product packaging in a manner similar to that employed by Plaintiffs for the X-TEMP Mark.  Defendants have even depicted the TEMPFX Mark in a blue font similar to that used by Plaintiffs to draw attention to their respective marks on their respective product packaging.

29.    A true and correct photograph of a t-shirt in packaging bearing the TEMPFX Mark is attached hereto as Exhibit 3.

30.    Defendants' TEMPFX apparel has been sold in some of the same retail channels in which Plaintiffs' X-TEMP apparel is sold, including but not limited to JC Penney stores and www.jcp.com (the "JC Penney On-line Store").   A screenshot of the JC Penney On-line Store featuring Defendants' TEMPFX t-shirt is attached hereto as Exhibit 4.

31.    On information and belief, Defendants will sell  TEMPFX apparel products in department stores in which Plaintiffs sell their X-TEMP apparel products, including but not limited to Sears, Kohl's, Macy's, Dillard's and Belk.

32. Defendants' TEMPFX apparel products are marketed and sold to the same consumers as Plaintiffs' X-TEMP apparel products.

33. Defendants' TEMPFX Mark is confusingly similar to, and a colorable imitation of, Plaintiffs' X-TEMP Mark. The parties' X-TEMP and TEMPFX Marks are confusingly similar in sight, sound and commercial impression.

34. Defendants' use of the TEMPFX Mark for goods identical to those of Plaintiffs is likely to cause consumers to be mistaken, confused or deceived into thinking that Defendants' t-shirts originate from, are associated or affiliated with, or are sponsored or endorsed by Plaintiffs, or share the same qualities as Plaintiffs' t-shirts and other apparel sold under the X-TEMP Mark.

35. Plaintiffs have not licensed or otherwise authorized Defendants to use the TEMPFX Mark, the X-TEMP Mark or any colorable imitations thereof.

36. On October 18, 2013, Gildan USA filed U.S. Trademark Application Ser. No. 86/095,580, on an intent-to-use basis, to register the TEMPFX Mark, in standard characters, on the Principal Register of the USPTO for use in connection with "[c]lothing, namely, socks, underwear, shorts, shirts, t-shirts, sweatshirts, pants, loungewear, thermal shorts, thermal pants, thermal shirts, thermal underwear, thermal sweatshirts and thermal jackets; footwear; [and] headwear" (the "'580 Application").

37. On September 15, 2014, HBIBAE filed a Notice of Opposition to the '580 Application before the USPTO's Trademark Trial and Appeal Board, requesting that the '580 Application be refused due to a likelihood of confusion with the X-TEMP Mark as

8

shown in the X-TEMP Registration and another previously-filed application, owned by HBIBAE, to register the X-TEMP Mark.

38.     On October 23, 2014, Gildan USA filed an Answer to the Notice of Opposition, and that proceeding is currently pending before the USPTO's Trademark Trial and Appeal Board as Opposition No. 91218330.

39.     On October 29, 2014, Gildan USA filed U.S. Trademark Application Ser. No. 86/438,716, on an intent-to-use basis, to register the TEMPFX Mark, in a slightly stylized form, on the Principal Register of the USPTO for use in connection with "[c]lothing, namely, socks, underwear, shorts, shirts, t-shirts, sweatshirts, pants, loungewear, thermal shorts, thermal pants, thermal shirts, thermal underwear, thermal sweatshirts and thermal jackets; footwear; [and] headwear" (the "'716 Application") (the '580 Application and '716 Application, collectively, the "TEMPFX Applications").

40.     As evidenced by Defendants' recent activity before the USPTO, described above, Defendants will continue to infringe Plaintiffs' X-TEMP Mark unless and until they are enjoined from doing so by this Court.

<u>FIRST CLAIM FOR RELIEF</u>
(Infringement of Federally Registered Trademarks
under 15 U.S.C. § 1114)

41.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

42.     Defendants' unauthorized use in commerce of the TEMPFX Mark for apparel is likely to cause confusion, or to cause mistake, or to deceive purchasers and

Case 1:14-cv-01018-CCE-LPA   Document 1   Filed 12/05/14   Page 9 of 16

customers as to the source, origin or sponsorship of Defendants' products. The trade and consuming public are likely to believe that said products of Defendants originate from Plaintiffs or from the same source as apparel products bearing the X-TEMP Mark, or that there is some connection between the makers of X-TEMP products, on the one hand, and Defendants, on the other, when such is not the case.

43.     By its unauthorized commercial use of the TEMPFX Mark, in connection with products that are either identical to or closely related to those for which HBIBAE owns a valid federal registration for the X-TEMP Mark, Defendants have infringed, and are infringing, the federally registered X-TEMP Mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Defendants' acts of trademark infringement, as alleged herein, have injured Plaintiffs in that Plaintiffs have suffered damage to their reputation and customer goodwill as a direct and proximate result of Defendants' illegal conduct. In addition, Defendants have been unjustly enriched by reason of their trademark infringement in that they have achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their illegal conduct.

45.     As a direct and proximate result of Defendants' unlawful conduct, as herein alleged, Plaintiffs have suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to their business, reputation and customer goodwill. Moreover, Defendants'

10

conduct will cause Plaintiffs to lose sales to which they otherwise would be entitled, unless and until such activity is enjoined by this Court.

46.    Defendants' conduct is causing, and is likely to continue to cause, injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover their actual damages and/or an award of Defendants' profits, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition, False Representation, and**
**False Designation of Origin under 15 U.S.C. § 1125(a))**

47.    The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

48.    Defendants' unauthorized use of the TEMPFX Mark is likely to cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Defendants' products.  Such conduct therefore constitutes a false designation of origin, and a false description and false representation of fact, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.

49.    As a direct and proximate result of Defendants' unlawful conduct, as herein alleged, Plaintiffs have suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to their business, reputation and customer goodwill.  Moreover, Defendants' conduct will cause Plaintiffs to lose sales to which they otherwise would be entitled,

11

unless and until such activity is enjoined by this Court.

50.     Defendants' conduct is causing, and is likely to continue to cause, injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Plaintiffs' actual damages and/or an award of Defendants' profits, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

51.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

52.     HBIBAE owns all rights, title and interest in and to the X-TEMP Mark, including all common law rights in such mark.

53.     Defendants' conduct is likely to continue to cause confusion, mistake, and deception among consumers, the public and the trade as to whether Defendants' products originate from, or are affiliated with, sponsored by, or endorsed by Plaintiffs.

54.     Defendants' conduct, as alleged herein, constitutes trademark infringement and unfair competition, in violation of the common law of the State of North Carolina.

55.     As a direct and proximate result of Defendants' unlawful conduct, as herein alleged, Plaintiffs have suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to their business, reputation and customer goodwill.  Moreover, Defendants'

12

conduct will cause Plaintiffs to lose sales to which they otherwise would be entitled, unless and until such activity is enjoined by this Court.

56.    Defendants' conduct is causing, and is likely to continue to cause, injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Plaintiffs' actual damages and/or an award of Defendants' profits, costs and reasonable attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Unfair and Deceptive Trade Practices**
**under N.C. Gen. Stat. § 75-1 *et seq.*)**

57.    The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

58.    Defendants' conduct as alleged above is in commerce and affects commerce in the State of North Carolina.

59.    Defendants' conduct as alleged above constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.C. Gen. Stat. § 75-1 *et seq.*

60.    Defendants' unfair methods of competition and their unfair and deceptive trade practices as alleged herein have injured Plaintiffs in that Plaintiffs have suffered damage to their reputation and customer goodwill as a direct and proximate result of Defendants' illegal conduct.  In addition, Defendants have been unjustly enriched by reason of their unfair methods of competition and unfair and deceptive trade practices in that Defendants have achieved sales and profits, and the opportunity to earn future sales

13

and profits, as a direct and proximate result of their illegal conduct.

61.     Defendants have willfully engaged in the acts and practices alleged above, justifying an award of attorneys' fees to Plaintiffs pursuant to N.C. Gen. Stat. § 75-16.1.

**WHEREFORE,** Plaintiffs pray the Court as follows:

A.     That the Court adjudge Defendants to have infringed the X-TEMP Mark;

B.     That the Court permanently restrain and enjoin Defendants, and their agents, servants, employees, attorneys and other persons in active concert or participation with Defendants, from any and all further unauthorized use of the TEMPFX Mark and any other colorable imitation of the X-TEMP Mark, as a trademark, trade name, or other attention-getting device or triggering mechanism in connection with apparel products, including the destruction of all advertising and promotional materials bearing the TEMPFX Mark and any other colorable imitation of the X-TEMP Mark;

C.     That the Court permanently restrain and enjoin Defendants, and their agents, servants, employees, attorneys and other persons in active concert or participation with Defendants, from making any false or misleading designations of origin or false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, or display of its apparel products under the TEMPFX Mark or any other colorable imitation of the X-TEMP Mark;

D.     That the Court order Defendants to abandon expressly the TEMPFX Applications by filing Notices of Abandonment with prejudice with the USPTO;

14

E.     That the Court order Defendants to file with this Court and serve on Plaintiffs within thirty (30) days after issuance of the injunction requested above, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

F.     That Plaintiffs have and recover of Defendants such actual damages as Plaintiffs may prove at trial and/or that Defendants account to Plaintiffs for all amounts received as a direct and proximate result of Defendants' unlawful conduct, and all of Defendants' profits derived therefrom;

G.     That such damages or profits to which Plaintiffs are entitled be trebled pursuant to 15 U.S.C. § 1117;

H.     That the costs of this action, including a reasonable attorneys' fee for Plaintiffs' attorneys, be taxed against Defendants;

I.     That Plaintiffs be awarded pre- and post-judgment interest;

J.     That Plaintiffs have and receive a trial by jury on all issues so triable; and

K.     That the Court grant Plaintiffs such other and further relief, both general and specific, as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a trial by jury in this matter.

Respectfully submitted, this the 5th day of December, 2014.

**KILPATRICK TOWNSEND & STOCKTON LLP**

*/s/ Laura Miller*

Tywanda H. Lord, N.C. State Bar No. 26858
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia  30309
Telephone:  404-815-6500
Facsimile:  404-815-6555
E-Mail:  TLord@KilpatrickTownsend.com

Laura C. Miller, N.C. State Bar No. 34103
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: 336-607-7300
Facsimile: 336-607-7500
E-Mail:  LaMiller@kilpatricktownsend.com

*Attorneys for Plaintiffs Hanesbrands Inc. and HBI Branded Apparel Enterprises LLC*

Of Counsel:

William H. Brewster
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia  30309
Telephone:  404-815-6500
Facsimile:  404-815-6555
E-Mail:  BBrewster@KilpatrickTownsend.com